


FILED

Mar 21 2025, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Court of Appeals of Indiana

Dele Omije,

*Appellant-Petitioner*

v.

Bethany Whilby-Omije,

*Appellee-Respondent*

---

March 21, 2025

Court of Appeals Case No.
24A-DR-2217

Appeal from the Hendricks Superior Court

The Honorable Ryan W. Tanselle, Judge

Trial Court Cause No.
32D03-1412-DR-668

---

**Opinion by Judge Tavitas**
Chief Judge Altice and Judge Brown concur.

**Tavitas, Judge.**

## Case Summary

Following post-dissolution contempt proceedings, Dele Omije ("Husband") appeals the trial court's order finding Husband in contempt and ordering him to sell a marital asset—a home in California—and equally divide the proceeds from the sale of the home with Bethany Whilby-Omije ("Wife"). Husband argues that the trial court abused its discretion by failing to give him credit for post-dissolution expenses related to the home and by valuing the home after the date of the final dissolution decree. We disagree and, accordingly, affirm.

## Issues

Husband presents two issues, which we restate as:

> I. Whether the trial court abused its discretion by failing to give Husband credit for post-dissolution expenses related to the home.

> II. Whether the trial court abused its discretion by assigning a value to the home after the date of the final dissolution decree.

## Facts

Husband and Wife were married in 1999. The parties separated in 2010, and Wife filed a petition to dissolve the marriage in December 2014. The trial court entered its dissolution decree on September 2, 2015. As part of the decree, the trial court noted that the parties owned a home in Colton, California ("the

California Home"). With regard to the California Home, the dissolution decree stated: "This real estate shall be sold and the mortgage indebtedness paid and the net proceeds shall be divided equally by the parties." Appellant's App. Vol. II p 15. Husband, however, did not sell the California Home.

[4] Wife, acting pro se, informed the trial court of this via a letter received on February 26, 2016, in which she stated that Husband had refused to sell the California Home and refused to answer her calls or text messages. The trial court responded to this letter with an Order Regarding Self-Represented Litigants, in which it explained that Wife had to follow the proper procedures to secure relief.

[5] On September 5, 2023, Wife filed a pro se motion for contempt, again claiming that Husband refused to sell the California Home. The trial court *sua sponte* dismissed Wife's motion without prejudice because it was not verified and did not comply with statutory requirements.[1] The trial court, however, attached to its order a form for a petition for contempt.

[6] On October 13, 2023, Wife filed a verified petition for contempt containing the same allegations as her previous motion. The trial court again dismissed this petition *sua sponte* and noted that Wife alleged that Husband had violated an

---

[1] Husband has not included several of the trial court's prior orders in his appendix, and Wife has not filed anything in this appeal. We take judicial notice of the trial court's prior orders to assist us in our review of this case. *See In re Paternity of H.S.R.*, 233 N.E.3d 490, 496 (Ind. Ct. App. 2024 ) (noting that, under Evidence Rule 201(a)(2)(C), a court may take judicial notice of "records of a court of this state"), *trans. denied*; *see also Hatch v. Roper*, 247 N.E.3d 1290, 1292 n.3 (Ind. Ct. App. 2024) (taking judicial notice of trial court records in a related action).

order dated August 25, 2015, but that the court had issued no order on that date. Wife filed another petition for contempt on November 17, 2023, containing identical allegations. Yet again, the trial court *sua sponte* dismissed the petition for the same reason.

[7] Undeterred, Wife filed another contempt petition on December 21, 2023. The trial court set the matter for a pre-trial hearing on February 13, 2024. After the pre-trial hearing, the trial court issued an order yet again dismissing Wife's contempt petition because it did not list which portion of the order Husband was alleged to have disobeyed.

[8] After months of unsuccessful attempts to enforce the trial court's order, Wife filed yet another petition for contempt on February 27, 2024, this time specifically alleging that Husband failed to sell the California Home as ordered. This time, the trial court accepted Wife's petition and, on March 6, 2024, the trial court issued a rule to show cause and ordered Husband to appear at a hearing on the matter on April 16, 2024. At the hearing, Husband did not deny that he failed sell the California Home as required. Instead, he claimed that, had he sold the California Home in 2015, he would have realized a loss. On July 15, 2024, the trial court entered an order finding Husband to be in contempt. This order provides in relevant part:

> 4. [The prior trial court judge], in her order dated September 2, 2015, ordered that the "real estate shall be sold and the mortgage indebtedness paid and the net proceeds shall be divided equally by the parties." The plain language of the Court's order did not

provide that the real estate shall only be sold when a profit could be achieved.

5. Furthermore, during the hearing on August 25, 2015, in which Petitioner was present, [the prior trial court judge] stated the real estate shall be sold, with the mortgage to be paid, and the net proceeds divided equally. After announcing this, former counsel for [Husband] inquired of [the prior trial court judge] that if there was a loss and debt owed when property was sold, that should also be divided fifty/fifty. [The prior trial court judge] responded to this inquiry, in no uncertain terms, "That would be true."

6. On April 16, 2024, [Husband] admitted in Court that the real estate has never been sold and that he continues to own said real estate. However, [Husband] requested that the Court find that he did [not] willingly disobey the Court's prior Order, only that selling the real estate would have resulted in a loss.

**7. This Court disagrees and finds that [Husband] is in contempt of the September 2, 2015 Decree of Dissolution of Marriage by failing to sell the real estate in accordance with Paragraph 7.2 of the dissolution decree for over 8.5 years after the issuance of said dissolution decree.**

**8. The Court declines to impose sanctions on [Husband] subject to the following terms and conditions:**

   **a. [Husband] shall comply with Paragraph 7.2 of the September 2, 2015 Decree of Dissolution of Marriage.**

   **b. The real estate located [address redacted] shall be sold in a commercially reasonable manner within 180 days of the date of this Order.**

**c.  [Husband] shall first obtain a comparative market analysis.  [Husband] shall then list the real estate for sale in line with the comparative market analysis**.

d.  [Husband] shall not cause the real estate to have any further mortgage indebtedness or otherwise encumber the property.

e.  [Husband] shall provide [Wife] with a copy of all closing papers, [] as well as half of the proceeds from the same within seven (7) days of the date of closing.

Appellant's App. Vol. II pp. 19-20.

[9]     On August 6, 2024, Husband filed a Motion to Amend and/or Clarify the trial court's contempt order.  In this motion, Husband argued that the trial court's order improperly assigned a value to the California Home after the date of the final dissolution decree and that the trial court should award him credit for the expenses he incurred on the California Home after the dissolution decree was entered.  The trial court held a hearing on Husband's motion on September 5, 2024.  Four days after the hearing, the trial court entered an order that provides in relevant part:

2.  The Court finds that the case law and statutory authority cited by [Husband] in his Motion to Amend and/or Clarify is readily distinguishable as this matter involves a post-dissolution contempt proceeding for failing to comply with a Court order for over nine (9) years, not a division of the parties' marital estate as part of a final dissolution hearing.

3. The directive given by the [former trial court judge] in her September 2, 2015 Decree of Dissolution of Marriage was

abundantly clear, by the plain language of her Order: the real estate located at [address redacted] "shall be sold and the mortgage indebtedness paid and the net proceeds shall be divided equally by the parties."

4. [Husband] has been on notice since August 25, 2015 that the real estate was to be sold . . . .

5. In addition to the clear notice to [Husband] to sell the real estate on August 25, 2015, and the Court's September 2, 2015 Order, [Wife] has attempted to assert her right to the real estate . . . .

6. While [Wife]'s attempts to enforce the Court's order were unsuccessful prior to the December 21, 2023 filing, [Husband] was on notice that he needed to comply with the Court's prior order to sell the real estate.

7. On April 16, 2024, [Husband] admitted in Court that the real estate has never been sold and that he continues to own said real estate. However, [Husband] requested that the Court find that he did [not] willingly disobey the Court's prior Order, only that selling the real estate would have resulted in a loss.

**8. [Husband] cannot idly sit back and disregard this Court's September 2, 2015 Order to sell the real estate, and then claim that the real estate should be valued as of a date that is over nine (9) years ago as of the date of this Order.**

**9. The Court reaffirms its prior finding that [Husband] is in contempt of the September 2, 2015 Decree of Dissolution of Marriage by failing to sell the real estate in accordance with Paragraph 7.2 of the dissolution decree for over 8.5 years after the issuance of said dissolution decree.**

10.  The Court reaffirms its prior decision and declines to impose sanctions on [Husband], subject to the following terms and conditions:

a.  [Husband] shall comply with Paragraph 7.2 of the September 2, 2015 Decree of Dissolution of Marriage.  This means selling the real estate and dividing any net proceeds or loss, fifty-fifty. **[Husband] is not entitled to credit for any contributions, financial or otherwise, that he made to that marital asset due to his failure to comply with the Court Order.**

b.  The real estate located [address redacted] shall be sold in a commercially reasonable manner within 180 days of the date of the July 12, 2024 Order.

**c.  [Husband] shall first obtain a comparative market analysis as of July 12, 2024.  [Husband] shall then list the real estate for sale in line with the comparative market analysis.**

d.  [Husband] shall not cause the real estate to have any further mortgage indebtedness or otherwise encumber the property.

e.  [Husband] shall provide [Wife] with a copy of all closing papers, and as well as half of the proceeds from the same, within seven (7) days of the date of closing.

Appellant's App. Vol. II pp. 26-27.  Husband now appeals.

## Discussion and Decision

Before addressing Husband's arguments, we first observe that Wife has not filed an appellee's brief.  In such cases:

the appellate court need not develop an argument for the appellees but instead will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. Prima facie error in this context means 'at first sight, on first appearance, or on the face of it. This less stringent standard of review relieves [us] of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. We are obligated, however, to correctly apply the law to the facts in the record in order to determine whether reversal is required.

*Hahn-Weisz v. Johnson*, 189 N.E.3d 1136, 1140-41 (Ind. Ct. App. 2022) (citations and internal quotations omitted).

## A. Credits for Post-Dissolution Expenses

[11] Husband first argues that the trial court abused its discretion by not giving him credit for the expenses he incurred on the California Home after the date the dissolution decree was entered. Husband, however, presented no evidence of the expenses he incurred on the home after the date of the dissolution decree. The trial court cannot have erred by failing to give Husband credit for expenses when Husband presented no such evidence of his expenses. *Cf. Myers v. Myers (Phifer)*, 80 N.E.3d 932, 937 (Ind. Ct. App. 2017) (holding that trial court erred in awarding credit to mother for child's college housing expenses because mother submitted no evidence as to the amounts she paid toward such expenses).[2]

---

[2] Moreover, any expenses Husband incurred on the home are the result of Husband's failure to sell the home as ordered. Husband should not get credit for his disobedience of the trial court's order.

### B. Valuation of California Home

[12] The brunt of Husband's argument on appeal is that the trial court abused its discretion by assigning a value to the California Home after the date of the final dissolution decree.[3] A trial court has "broad discretion in ascertaining the value of property in a dissolution action, and we will not disturb its valuation absent an abuse of that discretion." *Meyer v. East*, 205 N.E.3d 1066, 1072-73 (Ind. Ct. App. 2023) (citing *Smith v. Smith*, 194 N.E.3d 63, 73 (Ind. Ct. App. 2022)). On appeal, we will not reweigh the evidence, and we consider the evidence in the light most favorable to the trial court's decision. *Id*.

[13] Here, the trial court's order required Husband to sell the California Home based on its current value and to split the proceeds from the sale of the California Home with Wife. Husband argues that, by doing so, the trial court effectively gave a value to the house based upon its current value, not its value on the date of the final dissolution decree. During a dissolution proceeding, when determining the date upon which to value the marital assets, the trial court may select any date between the date of filing the dissolution petition and the date of the final hearing. *Webb v. Schleutker*, 891 N.E.2d 1144, 1151 (Ind. Ct. App. 2008). By ordering Husband to sell the home and split the proceeds with Wife based on the current value of the home, Husband argues that the trial court exceeded its authority and abused its discretion. We disagree.

---

[3] Husband does not argue that the trial court erred by finding him in contempt.

[14] The trial court here did not assign any value to the California Home in the dissolution decree. It simply ordered Husband to sell the California Home and split any proceeds with Wife. But for nine years, Husband blatantly disobeyed the trial court's order. Husband claims that his disobedience was justified because, had he sold the California Home in 2015, he would have realized a loss—a loss that Wife would have shared. The trial court, however, was not required to credit Husband's testimony or evidence of the value of the home in 2015.[4]

[15] Moreover, the trial court did not assign any value to the California Home. It simply ordered the home to be sold and any proceeds from the sale of the home to be split evenly between the parties. Thus, we cannot say that the trial court assigned a value to the home using a date after the date of the final dissolution decree. It simply ordered a marital asset to be sold, and the proceeds therefrom to be split evenly, without assigning any particular value to that asset. If the value of the California Home has appreciated in the ensuing nine years, this is due to Husband's willful disobedience of the dissolution decree.

[16] Husband wants to have his cake and eat it too; he wants to suffer no sanction for his contempt and be able to wait until the home finally increases in value

---

[4] Husband submitted a tax bill from 2015 showing that the California Home had a net value of $109,000. But it is common knowledge that a property's assessed value for tax purposes is not necessarily the same as its fair market value. Indeed, Husband also submitted an appraisal report showing the California Home had a value of $153,000 as of December 2014. Wife, on the other hand, testified that when she "looked up" the value of the home in 2015, it was worth $625,000. Tr. Vol. II p. 16. Wife also submitted a screenshot from her phone from a real estate app, which gave a current estimated value of $426,754 for the California Home.

before selling it, but not share these proceeds with Wife. The trial court here simply ordered Husband to do what he should have done nine years ago. Under these circumstances, we cannot say that the trial court abused its discretion by ordering Husband to sell the California Home and share any proceeds from the sale evenly with Wife.

## Conclusion

[17] Because Husband presented no evidence of the post-dissolution expenses he incurred on the California Home, we cannot say that the trial court abused its discretion by failing to credit him for any such expenses. Additionally, the trial court did not assign any value to the California Home. It simply ordered Husband to do what he was ordered to do almost a decade ago—sell the home and split the proceeds evenly with Wife. We, therefore, affirm the trial court's judgment.

[18] Affirmed.

Altice, C.J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana